IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00015-PAB-BNB

KENNITH MEADOWS,

    Plaintiff,

v.

LIEUTENANT JUDY KNIGHT,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland (the "Recommendation") [Docket No. 42], which recommends that the Court grant the motion for summary judgment filed by defendant Judy Knight [Docket No. 25]. On July 6, 2012, plaintiff Kennith Meadows filed timely objections [Docket No. 45] to the Recommendation.[1] The Court therefore will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[2]

The Recommendation concluded that the evidence in the record raised a triable issue of fact about whether defendant's actions violated plaintiff's Eighth Amendment rights. Docket No. 42 at 9. The Recommendation, however, determined that defendant was entitled to qualified immunity because the law was not clearly established at the

---

[1] Defendant did not object to the Recommendation.

[2] Because the Recommendation contains a detailed summary of the facts, the Court will not recite them here.

time of plaintiff's accident that a reasonable prison official would have known that an injury suffered by a prisoner cleaning defective prison equipment could raise an Eighth Amendment violation. *Id*. at 12-13.

Plaintiff objects to the Recommendation's conclusion that the law was not clearly established as of April 20, 2010. Docket No. 45 at 3. He argues that the Tenth Circuit's decisions in *Blay v. Reilly*, 241 F. App'x 520 (10th Cir. 2007), and *Smith v. United States*, 561 F.3d 1090 (10th Cir. 2009), clearly establish that a prisoner's Eighth Amendment rights may be violated if the prisoner is injured because of unsafe working conditions.[3]  Docket No 45 at 8.

The doctrine of qualified immunity "shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  To avoid judgment for defendant based on qualified immunity, plaintiff must show that (1) defendant's actions violated a specific statutory or constitutional right, and (2) the constitutional or statutory right

---

[3]Plaintiff cites these cases for the first time in his objections.  As noted in the Recommendation, plaintiff relied solely on out-of-circuit cases in front of the magistrate judge.  Given that plaintiff has the burden to show that the constitutional right he claims was violated was "clearly established," his citation of *Smith* and *Blay* may constitute new arguments, as opposed to additional support for previously made arguments, which this Court should not properly consider on review.  *Compare United States v. McCoy*, 407 F. App'x 514, 516 (2d Cir. 2010) (finding that the government did not present a new argument when it cited additional cases in its objection to a magistrate judge's recommendation, but rather supplied further support for an earlier presented contention).  However, since defendant does not raise this argument, the Court will consider *Smith* and *Blay*.

defendant allegedly violated was clearly established at the time of the conduct at issue. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). Plaintiff must satisfy both prongs of this two-part test in order to survive defendant's qualified immunity defense. *Pearson*, 555 U.S. at 236.

The Recommendation determined that plaintiff presented sufficient facts to satisfy the first prong of the qualified immunity test. Docket No. 42 at 9. Defendant has not appealed this aspect of the Recommendation and the Court is otherwise satisfied that there is "no clear error on the face of the record." Fed. R. Civ. p. 72(b), Adv. Comm. Notes.

As to the second prong, a constitutional right is clearly established when, at the time of the alleged violation, the contours of the right were so clear that a reasonable official would understand that his actions violated that right. *Walker v. City of Orem*, 451 F.3d 1139, 1151 (10th Cir. 2006). The question of whether a right is clearly established must be answered "in light of the specific context of the case, not as a broad general proposition." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012) (citation omitted). In order for the law to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the [right] to be as the plaintiff maintains." *Klen v. City of Loveland, Colo.*, 661 F.3d 498, 511 (10th Cir. 2011). It is not necessary, however, to find cases that are "fundamentally similar" or even "materially similar," because "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Consequently, the salient question is "whether the state of the law [at the time of the action] gave [defendant] fair warning that [her conduct] was unconstitutional." *Id.*; *see also Saucier v. Katz*, 533 U.S. 194, 202 (2001), *abrogated in part by Pearson v. Callahan*, 555 U.S. 223 (2009) ("[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").

Plaintiff argues that *Smith* "clearly established in the Tenth Circuit that unsafe working conditions can rise to the level of an Eighth Amendment violation."[4] Docket No. 45 at 5. In *Smith*, the plaintiff alleged that on two separate occasions he was required to work on light fixtures in a closet at the United States Penitentiary at Leavenworth ("Leavenworth") while another prisoner pulled insulation containing asbestos from pipes in the closet, releasing white dust into the air and thereby exposing him to asbestos. 561 F.3d at 1094. Plaintiff claimed that prison officials knew that the closet contained asbestos due to a survey that had been conducted of the prison and of the closet in particular. *Id*. The Tenth Circuit found that these allegations were sufficient for plaintiff to survive a motion to dismiss his Eighth Amendment deliberate indifference claim against the warden, the safety department manager, the person who provided access to the closet, and the plaintiff's work supervisor. *Id*. at 1104.

Defendant tries to distinguish *Smith* on the grounds that the risk of harm "was far more obvious and egregious than the risk alleged in this case." Docket No. 46 at 5.

---

[4] In regard to *Blay*, an unpublished decision, the Court notes that plaintiff cannot rely on an unpublished decision to prove that a law is clearly established. *Green v. Post*, 574 F.3d 1294, 1306 n.10 (10th Cir. 2009); *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 n.3 (10th Cir. 2003).

The Court disagrees. While the dangers of asbestos exposure are well-known, a one- or two-time exposure to asbestos dust, which could potentially cause disease in the future, is not as obvious or egregious as the danger of a heavy metal lid falling on a prisoner's head, thereby causing immediate and likely serious injury. Moreover, while the procedural posture of *Smith* and this case are different,[5] *Smith* clearly held that a variety of prison officials, from the warden to the plaintiff's immediate supervisor, could be liable under the Eighth Amendment for one or two discrete exposures to a hazardous substance during the course of a prison work assignment. The Court finds that a reasonable official would understand that *Smith*, which was published over a year before plaintiff's injury, established that allowing prisoners to clean kettles without adequate means to prevent the 30 pound lids from falling on them was unconstitutional. The magistrate judge has already held that a factfinder could conclude that the risk of this practice was so obvious that defendant was aware of and disregarded it. Docket No. 42 at 9. As a result, defendant is not entitled to summary judgment on her claim of qualified immunity.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 42] is **REJECTED**. It is further

**ORDERED** that defendant's Motion for Summary Judgment [Docket No. 25] is **DENIED**.

---

[5]Defendant does not argue that the procedural posture of *Smith*, namely review of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6), is material to the issue of whether it provided clearly established precedent.

DATED July 30, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge