IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00015-PAB-BNB

KENNITH MEADOWS,

    Plaintiff,

v.

LIEUTENANT JUDY KNIGHT,

    Defendant.

**ORDER**

This matter is before the Court on the Motion to Clarify the Final Order Regarding the Issue of Costs [Docket No. 74] filed by defendant Lieutenant Judy Knight.  The Court presided over a two-day trial in this matter from August 20 to August 21, 2012.  Docket Nos. 70-72.  After the trial, the jury returned a verdict in favor of defendant.  Docket No. 72-1.  On August 23, 2012, the Court entered final judgment in favor of defendant.  Docket No. 73.  The final judgment, however, does not address the issue of costs.  *See id*.

In her motion, defendant requests that the Court clarify the Final Judgment [Docket No. 73] to indicate whether she is entitled to costs as the prevailing party pursuant to Fed. R. Civ. P. 54(d).  Docket No. 74 at 2.  In response, plaintiff argues that defendant waived the right to seeks costs because she did not file her bill of costs and contends that the Court should not award defendant her costs because plaintiff is indigent.  Docket No. 75 at 2.

Rule 54 of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, a prevailing party may move for costs at any time after the Court enters judgment. Fed. R. Civ. P. 54(d)(1); *see Hiller v. United States*, 2008 WL 4534052, at *4 n.4 (N.D. Cal. Sept. 30, 2008) (noting that Rule 54(d)(1) does not set a time limit to present a bill of costs to the Clerk of the Court); 10A Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2679 (3d ed. 2010) (noting that the "text of Rule 54(d)(1) does not indicate when the motion for taxation of costs must be made"). Local Rule 54.1, however, provides that "[e]ach judgment or final order shall indicate which party or parties are entitled to costs. A bill of costs must be filed on the form provided by the court within 14 days after the entry of the judgment or final order." D.C.COLO.LCivR 54.1. In this case, because the final judgment does not reference the award of costs and defendant promptly filed her motion for clarification of costs pursuant to Fed. R. Civ. P. 54(d) within fourteen days of the entry of final judgment, the Court finds that defendant's motion is timely and complies with the Local Rules. *See Brooks v. Gaenzle*, No. 06-cv-01436-CMA-MJW, 2009 WL 4949922, at *5 (D. Colo. Dec. 15, 2009) (allowing defendant to seek costs because the final order did not reference the award of costs).

Plaintiff argues that the Court should deny defendant's motion because he is indigent. Docket No. 75 at 2. Whether a prevailing party shall be awarded costs is generally within the sound discretion of the district court. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). Nevertheless, Rule 54(d)(1) creates "a

presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995). Thus, costs are typically awarded to the prevailing party and the presumption in favor of awarding costs is only overcome upon a showing that an award would be inequitable under the circumstances. *Rodriguez*, 360 F.3d at 1190. The non-prevailing party has the burden of establishing that a valid reason exists to deny costs. *Id*. Moreover, because the denial of costs is "in the nature of a severe penalty" the district court must provide a valid reason to deny costs. *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995).

Courts consider the following factors to determine whether to deny costs: (1) whether the prevailing party was obstructive and acted in bad faith during the course of litigation, (2) whether only nominal damages are awarded, (3) whether the issues were close and difficult, (4) whether the costs are unreasonably high or unnecessary, or (5) whether the non-prevailing party is indigent. *Cantrell*, 69 F.3d at 459. In this case, the Court finds that plaintiff has not shown that it would be inequitable to grant an award of costs in favor of defendant.

First, there is no evidence that defendant engaged in any obstructive bad faith conduct. *See Cantrell*, 69 F.3d at 459 (noting that "obstructive conduct" includes acting "in bad faith during the course of the litigation"). Additionally, although the legal issues in this case were close, this factor alone is insufficient to penalize defendant and not award costs. *See Rodriguez*, 360 F.3d at 1190 (upholding district court decision to grant defendant its costs although the issues in the case were close). Moreover, because the Clerk of the Court has yet to tax costs, there is no basis for the Court to

determine whether defendant's requested costs are "unreasonably high or unnecessary." *Cantrell*, 69 F.3d at 459.

Furthermore, given that plaintiff paid the civil filing fee and is not proceeding in forma pauperis, plaintiff has not shown that his indigence is so severe that it would constitute an undue hardship to award costs against him. Docket No. 1-2; *see A.D. v. Deere & Co.*, 229 F.R.D. 189, 194 (D.N.M. 2004) (noting that a plaintiff must prove indigence); *Lewis v. U.F.C.W. Dist. Union Local Two & Employers Pension Fund*, 273 F. App'x 765, 768 (10th Cir. 2008) (noting that proceeding in a case in forma pauperis does not preclude the federal court from assessing costs at the conclusion of the case). Without further information about plaintiff's financial condition or an award of costs from the Clerk of Court, a finding that plaintiff cannot afford the costs in this case would be speculative. Moreover, plaintiff's present objection is premature because he still has a right to object to the clerk's award of costs. *See* Fed. R. Civ. P. 54(d)(1) (noting a party may seek review of the taxation of costs on a motion served within seven days of the taxation of costs). Accordingly, because plaintiff does not provide sufficient reasons to justify penalizing defendant, the Court finds that defendant, as the prevailing party, is entitled to recover her costs. *Klein*, 44 F.3d at 1507.

For the foregoing reasons, it is

**ORDERED** that the Motion to Clarify the Final Order Regarding the Issue of Costs [Docket No. 74] is **GRANTED**. It is further

**ORDERED** that, within 14 days of this order, defendant Lieutenant Judy Knight may have her costs by filing a bill of costs with the Clerk of the Court.

DATED June 19, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge